James Brand, Respondent, v. Henry J. Newton, Appellant.

*Action to recover the value of goods sold and delivered — when a verdict in favor of the plaintiff will not be disturbed — objection not reviewable in the absence of an exception.*

Upon the trial of an action brought to recover the value of goods sold and delivered, the question in issue was whether the goods in question were sold to the defendant or to third persons, alleged to be his agents; it was shown upon the part of the plaintiff that the defendant, in a proceeding in which he was a witness, swore that he allowed certain persons to carry on business as his agents and to buy goods in their name as agents; it further appeared that the bills for the goods in question were rendered to the defendant, on each one of which he wrote "Payment guaranteed," signing the same. The defendant testifying in his own behalf denied that such persons or either of them were authorized to purchase goods in his name, but admitted that he received the bills of the goods, in which they were charged to him as the purchaser, and that he wrote on each bill over his signature, "Payment guaranteed;" it was also shown that the defendant never notified the plaintiff that the goods should not be charged to him.

*Held,* that a question of fact was presented for the jury to determine whether the goods were sold to the defendant or to the persons alleged to be acting as his agents, and that its verdict in favor of the plaintiff would not be disturbed upon appeal as contrary to the evidence.

Where, upon the trial of an action, after a response has been made to a question asked of a witness, an objection is made to the admission of such testimony by the attorney for one of the parties, no question is presented thereby to be reviewed upon appeal if no ruling be made upon the objection, no exception be taken and no motion be made to strike out the testimony given.

Appeal by the defendant, Henry J. Newton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of June, 1894, upon the verdict of a jury, rendered after a trial at the New York Circuit, and also from an order, entered in said clerk's

office on the 8th day of June, 1894, denying the defendant's motion to set aside the verdict made upon the minutes.

*E. H. Benn,* for the appellant.

*Morris J. Hirsch,* for the respondent.

FOLLETT, J. :

It is alleged in the complaint that between February 24, 1891, and June 4, 1891, the plaintiff sold and delivered goods to the defendant at the agreed price of $3,901.59, which he has not paid, or any part thereof, except $472.83, leaving due $3,428.76. The answer consists of a general denial. It is not disputed that the plaintiff sold and delivered goods for the price stated, and that there is due him therefor the amount alleged. The question is whether the goods were sold to the defendant or to Henry Van Gelder.

Previous to May, 1887, Henry Van Gelder and Charles Van Gelder were partners under the name of Van Gelder Brothers, and in that month they made a general assignment for the benefit of creditors to Henry J. Newton. Much of the stock assigned consisted of unmanufactured material, and the assignee employed the assignors to manufacture it into salable articles. In March, 1888, the assignee settled his accounts and was discharged. After that Van Gelder Brothers carried on a similar business in the name of Van Gelder Brothers, as agents, and purchased goods of the plaintiff in the name of the defendant, the bills for which were paid. Subsequently the firm was dissolved and Henry Van Gelder continued to carry on the same business in his name, as agent. Goods were purchased, in 1890 and 1891, in the name of the defendant, which were used by Henry Van Gelder in his business.

A witness, called by the plaintiff, testified that he heard the defendant sworn as a witness in December, 1889, and that he then swore "that thereafter, immediately following the sale of the machinery (in March, 1888), he employed or allowed the firm of Van Gelder Brothers, the individuals who formerly composed the firm of Van Gelder Brothers, to carry on business as his agents, and to buy goods in the name of Van Gelder Brothers, agents, and he stated that they were carrying on business as agents of Henry J. Newton." The goods were sold on seven different occasions between

February 24, 1891, and June 4, 1891, and charged to the defendant, to whom the plaintiff rendered seven bills of items, stating the amount and the price of the goods sold. On every one of these bills the defendant wrote, "Payment guaranteed. H. J. Newton."

The defendant, testifying in his own behalf, denied that Van Gelder Brothers, or either of them, were authorized to purchase goods in his name, but admitted that he received the bills of the goods in which they were charged to him, as the purchaser, and that he wrote upon the face of every one of them the words, "Payment guaranteed. H. J. Newton." He never notified the plaintiff that the goods should not be charged to him. Under this state of the evidence it was a question of fact for the jury to determine whether the goods were sold to the defendant or to Van Gelder, and, having found in favor of the plaintiff, the verdict should not be disturbed as contrary to the evidence.

The defendant moved that the complaint be dismissed. The motion was denied, but no exception was taken, and no exception was taken to the charge or to the refusals to charge. The only questions presented on this motion arise on the appeal from the order denying the motion for a new trial made on the minutes, and on one objection taken to the admission of evidence. Henry J. Brand, the nephew of the plaintiff, testified that Henry Van Gelder told him that he (Van Gelder) had power to buy goods for the defendant. After the testimony had been taken the defendant's counsel said : "I object to the declarations of Henry Van Gelder." No ruling was made upon the objection, no exception was taken and no motion was made to strike out the testimony. This presents no question for this court.

The judgment and order should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment and order affirmed, with costs.